UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>COURTNEY LAPARELE CLARK,<br><br>Defendant. | CASE NO. 2:22-cr-00192-TL<br><br>ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

Defendant Courtney Laparele Clark was sentenced to time served, restitution, and supervised release following a guilty plea. This matter is before the Court on Ms. Clark's Motion for Early Termination of Supervised Release. Dkt. No. 5. Having reviewed the Government's response (Dkt. No. 7) and the relevant record, the Court GRANTS the motion.

## I. BACKGROUND

On August 18, 2022, Ms. Clark was sentenced in the District of Nebraska to time served, $1,400 of restitution, and three years of supervised release following her guilty plea to Conspiracy to Pass and Utter Forged Treasury Checks, 18 U.S.C. §§ 371, 510(a)(2), and related

charges. *See* Dkt. Nos. 1 (indictment), 1-1 (plea agreement), 1-2 (judgment). On November 3, 2022, jurisdiction over this matter was transferred to this District. *See* Dkt. No. 2 (order). Ms. Clark's term of supervised release began on the date of her sentencing and is set to expire on August 17, 2025. Dkt. No. 5 at 2. Therefore, as of this writing, Ms. Clark has completed more than 21 of the 36 months imposed.

Ms. Clark now brings the instant motion for early termination of her supervised release. *See* Dkt. No. 5. Ms. Clark represents (and the Government confirms) that United States Probation and Pretrial Services ("Probation") supports her motion. *Id.* at 3; Dkt. No. 7 at 1. The Government does not oppose her motion. *See* Dkt. No. 7.

## II.   LEGAL STANDARD

A district court has "broad discretion in determining whether to grant a motion to terminate supervised release." *USA v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citing 18 U.S.C. § 3583(e)(1); then citing *USA v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006)). After considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release after one year has expired "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The relevant sentencing factors are:

- The nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).

- The need to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B).

- The need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C).

- The need to provide the defendant with needed educational or vocational training, medical care, or other correctional

        treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D).

- The kinds of sentence and the sentencing range established for the category of offense and category of defendant. 18 U.S.C. § 3553(a)(4).

- Any pertinent policy statement by the United States Sentencing Commission. 18 U.S.C. § 3553(a)(5).

- The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

- The need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(7).

Notably, a defendant is not required to demonstrate "undue hardship," *Emmett*, 749 F.3d at 819, or "exceptional behavior," *USA v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Instead, "a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819 (citing *USA v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)). A court's explanation of its decision "must be sufficiently detailed to permit 'meaningful' appellate review, and it must state the court's reasons for rejecting 'nonfrivolous' arguments." *Id.* at 821 (quoting *USA v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008)).

### III.   DISCUSSION

Ms. Clark argues that termination of her supervision serves the interests of justice. *See* Dkt. No. 5 at 2–4. She argues that she has been successful on supervision and that she has achieved the goals of that supervision. *Id.* The Government does not oppose early termination, noting "Ms. Clark's strong record of compliance with supervision." Dkt. No. 7 at 2. Ms. Clark also represents that Probation "supports early termination." Dkt. No. 5 at 3.

Considering the relevant facts, the Court agrees that early termination is warranted by Ms. Clark's conduct and serves the interest of justice. 18 U.S.C. § 3583(e)(1).

1    While Ms. Clark pleaded to crimes of dishonesty that give the Court pause, Ms. Clark's
2 subsequent history is exemplary and demonstrates a positive trajectory. 18 U.S.C. § 3553(a)(1).
3 After her sentencing, Ms. Clark began inpatient treatment in Nebraska and completed treatment
4 in Washington at Stillaguamish Behavioral Health on April 26, 2023. Dkt. No. 5 at 2; Dkt.
5 No. 5-1 (certificate). She continues to participate in Narcotics Anonymous every weeks to
6 reinforce her sobriety. Dkt. No. 5 at 2. Ms. Clark is currently pursuing a degree in Biochemical
7 Engineering at the Lake Washington Institute of Technology, where she has thus far earned a
8 cumulative GPA of 3.97 and a spot on the President's List, which honors academic achievement.
9 *Id.* at 3; Dkt. No. 5-2 (transcript and letter). She was also awarded membership in the Phi Theta
10 Kappa Honor Society for her academic achievement. Dkt. No. 5 at 3; Dkt. No. 5-3 (certificate).
11 When not in school, Ms. Clark works 20–25 hours per week as a waitress at Olive Garden, where
12 she is also a certified trainer for new employees and was awarded "Employee of the Month" in
13 December 2022. Dkt. No. 5 at 3; Dkt. No. 5-4 (award). Ms. Clark is raising a 14-year-old son
14 and volunteers for his sporting events at his middle school and through the Boys and Girls Club.
15 Dkt. No. 5 at 3–4. Ms. Clark is also in a long-term relationship with her boyfriend of four years,
16 who also attends Lake Washington to become a certified auto mechanic. *Id.* at 4.

17    Other factors also weigh in favor of early termination. Ms. Clark is on a low-risk level of
18 supervision that requires her to submit to random drug testing about every three months and to
19 provide a monthly report; she has had no violations. Dkt. No. 5 at 3. Probation affirms that
20 Ms. Clark "demonstrates the ability to lawfully self-manage beyond the period of supervision,"
21 that she is "in substantial compliance with all conditions of supervision," and that she "presents
22 no identified risk of harm to the public." *Id.* The Government also notes that Ms. Clark "has had
23 no violations, has engaged in drug treatment, and is committed to her sobriety." Dkt. No. 7 at 1.
24 These affirmations assure the Court that further supervision is not needed for deterrence or

public safety, 18 U.S.C. §§ 3553(a)(2)(B), 3553(a)(2)(C), and that additional training, care, and treatment are not needed, 18 U.S.C. § 3553(a)(2)(D). Ms. Clark has also paid her restitution obligation in full. Dkt. No. 5 at 3; 18 U.S.C. § 3553(a)(7). Finally, the Parties did not provide any information as to the remaining factors, and the Court concludes that none of those factors would preclude Ms. Clark from qualifying for early termination.

Therefore, considering all the above information, the Court "is satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

## IV.    CONCLUSION

Accordingly, Ms. Clark's Motion for Early Termination of Supervised Release (Dkt. No. 5) is GRANTED.

Dated this 29th day of May 2024.

Tana Lin
United States District Judge